IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELIZABETH RENAY FOUSE                                                      PLAINTIFF

vs.                                    Civil No. 4:09-cv-04130

MICHAEL J. ASTRUE                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Elizabeth Renay Fouse ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI on March 12, 2008.[2] (Tr. 10, 162-163). In her application, Plaintiff alleged she was disabled due to piriformis syndrome[3] and anemia. (Tr. 163). Plaintiff also

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] It appears Plaintiff previously filed for SSI on July 31, 2006. (Tr. 95-103). This application is not before this Court.

[3] "Piriformis syndrome" is "compression of the sciatic nerve by the piriformis muscle, causing pain." *The Merck Manual* 2635 (18th ed. 2006).

1

alleged at the administrative hearing in this matter that she was disabled due to leg problems, back pain, blackouts, and concentration problems. (Tr. 28-34). Plaintiff alleged an onset date of February 29, 2008. (Tr. 163). These applications were denied initially and again upon reconsideration. (Tr. 56-76).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 77-81). An administrative hearing was held on June 4, 2009 in Texarkana, Arkansas. (Tr. 19-55). Plaintiff was present and was represented by counsel, Charles Barnett, at this hearing. *Id.* Plaintiff, Plaintiff's husband (Callen Fouse, Jr.), and Plaintiff's daughter (Chastity Henderson) testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 22-23).

On June 29, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 12, 2008, her application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease with radiculopathy status post minimally invasive surgical intervention; anxiety; history of mood disorder with depressed affect; syncope; and anemia. (Tr. 12-13, Finding 2). The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-16, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review

of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) including standing and walking 6 hours in an 8 hours workday, lift and carry 20 pounds occasionally and 10 pounds frequently; occasionally crouch, crawl, bend, stoop, and kneel; and perform simple jobs with not much talking. She can not work at heights, around hazards, and no ropes, ladders, scaffolds, or driving.

(Tr. 14-16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16-18, Finding 5). The ALJ determined Plaintiff's PRW included work as a home health aide (semi-skilled, medium) and housekeeper (unskilled, light). (Tr. 16-17). Based upon her RFC, the ALJ determined Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 17-18, Finding 9). The ALJ based this finding upon the testimony of the VE. *Id.* The VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as addresser (10,000 jobs in the regional economy and 60,000 jobs in the national economy); surveillance systems monitor (80,000 jobs in the national economy); and lens inserter (2,000 jobs in the regional economy and 10,000 jobs in the national economy). *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act since March 12, 2008, the date her application was filed, until June 29, 2009, the ALJ's decision date. (Tr. 18, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5-6). *See* 20 C.F.R. § 404.968. On November 10, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On December 4, 2009, Plaintiff filed the present appeal. ECF

3

No. 1. The Parties consented to the jurisdiction of this Court on December 17, 2009. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42

U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record.[4] ECF No. 6 at 1-5. Specifically, Plaintiff claims her back problems, paraformis syndrome, and anemia cause her to be unable to work. *Id.* Plaintiff claims her medical records support her claim that her impairments cause her to be unable to work. *Id.* In response, Defendant argues that although Plaintiff's medical records indicate she may have had some level of

---

[4] Plaintiff also raises other issues under the heading "Issues of Concern" but provides no briefing for those arguments. Thus, this Court will not address those issues further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

back pain in the past, none of those records establish she suffers from any functional limitations that currently limit her in her ability to perform light work. ECF No. 7 at 1-9.

A claimant's RFC is what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545. The ALJ has the responsibility to determine a claimant's RFC based upon all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *See Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir. 2005). The claimant, however, has the burden to prove his or her RFC. *See Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003).

To meet her burden of establishing she is unable to perform light work, Plaintiff cites to her medical records wherein she was diagnosed with degenerative disc disease.[5] (Tr. 235). Plaintiff cites to her medical records wherein she was given steroid injections for her back pain. (Tr. 255). Plaintiff also cites to her medical records wherein her physician recommended she undergo back surgery and to the subsequent medical records from that back surgery. (Tr. 390, 411).

In her briefing, however, Plaintiff provides no support for her claim that this back pain causes her to be unable to perform light work. As an initial matter, although Plaintiff references her diagnosis of degenerative disc disease, a diagnosis is not *per se* disabling. *See Trenary v. Bowen,* 898 F.2d 1361, 1365 (8th Cir. 1990) (holding that the ALJ properly considered the evidence regarding the functional limitations imposed by plaintiff's impairments, not the diagnoses). Instead, an ALJ must make a disability determination regarding the degree of disability based on the functional limitations, if any, that are caused by the impairment in question. *See id.* Indeed, the medical records Plaintiff cited in

---

[5] Plaintiff also references in her medical records that she had a family history of "being positive for Huntington disease." (Tr. 419). Plaintiff, however, was found not to suffer from this disease. (Tr. 34). Therefore, because Plaintiff does not actually suffer from this disease, this Court will not address this issue further.

her briefing indicate that, although she suffers from degenerative disc disease, she had an unlimited range of motion bilaterally in both her upper and lower extremities. (Tr. 232). Additionally, with the exception of flexion, which was limited to forty-five degrees, this physician also found the range of motion in Plaintiff's cervical and lumbar spine was unlimited. *Id.*

Further, although Plaintiff references having had back surgery, the results from her surgery indicate her back pain was alleviated as a result of the surgery. Her physician, Dr. John B. Dieze, performed this surgery in January of 2009. (Tr. 411-412). Dr. Dieze reported the procedure proceeded normally, and the nerve root was "completely decompressed." (Tr. 412). This procedure appears to have been successful because there is no further indication Plaintiff complained of continuing back pain to a doctor after the surgery or sought additional treatment for the back pain following this operation. Thus, Plaintiff offers no evidence that her current back pain causes her to be unable to perform light work. Because this Court also finds no such evidence, this Court holds the ALJ did not err in evaluating her RFC. *See Wildman v. Astrue,* 596 F.3d 959, 965 (8th Cir. 2008) (noting when an impairment responds to treatment, that condition is not disabling).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of December, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

7